LEGISLATURE — VITALIZING ARTICLE X, SECTION 8 OF OKLAHOMA CONSTITUTION Whether required or not, the Legislature has vitalized the provisions of Article X, Section 8, as amended in 1972 by the enactment of amendments to Title 68 O.S. 2427 [68-2427], 68 O.S. 2435 [68-2435], and 68 O.S. 2455 [68-2455], in (1974) and (1975). The Attorney General is in receipt of your request for an opinion in which you ask the following question: "Is Article X, Section 8 of the Constitution of Oklahoma as amended by State Question 486 self-executing, or does it require legislative action with respect to classifications of property prior to implementation?" As indicated in your question, Article X, Section 8 of the Oklahoma Constitution was amended by election November 7, 1972, to read as follows: "All property which may be taxed ad valorem shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale, except real property and tangible personal property shall not be assessed for taxation at more than thirty-five percent (35%) of its fair cash value, estimated at the price it would bring at a fair voluntary sale. Provided, however, that no real property shall be assessed for ad valorem taxation at a value greater than thirty-five percent (35%) of its fair cash value for the highest and best use for which such property was actually used, or was previously classified for use, during the calendar year next preceding the first day of January on which the assessment is made. Provided, further, that the transfer of property without a change in its use classification shall not require a reassessment based exclusively upon the sale value of such property. In connection with the foregoing, the Legislature shall be empowered to enact laws defining classifications of use for the purpose of applying standards to facilitate uniform assessment procedures in this state. Any officer or other person authorized to assess values or subjects for taxation, who shall commit any wilful error in the performance of his duty, shall be deemed guilty of malfeasance, and upon conviction thereof shall forfeit his office and be otherwise punished as may be provided by law." (Emphasis added) The change from the previous provisions of Section 8 above is indicated by the underlined language in the above quotation. In determining whether a constitutional provision is self-executing or not, the test generally used is set forth in the case of Appeal of Crescent Precision Products, Inc., Okl.,616 P.2d 275, 276 (1973), as follows: "A constitutional provision is self-executing when it can be given effect without the aid of legislation and there is nothing to indicate that legislation is contemplated to render it operative, and when there is a manifest intention that it should go into immediate effect, and no ancillary legislation is necessary to the enjoyment of a right given, or the enforcement of a duty imposed. 16 C.J.S. Constitutional Law 48; Latting v. Cordell, 197 Okl. 369,172 P.2d 397, 399; 16 Am.Jur.2d Constitutional Law, 94, 51 Am.Jur. Taxation, 500. The presumption is that constitutional provisions are self-executing. 16 Am.Jur.2d Constitutional Law, 96." (Emphasis added) Whether or not the amendment to Article X, Section 8, was to create a self-executing provision need not now be answered in that the Legislature, in 1974, amended three statutes in an effort to vitalize the new Article X, Section 8 provisions. That enactment provided in part, as follows (S.B. 237, Chapter 73) in the Title of the bill: "AN ACT RELATING TO REVENUE AND TAXATION; AMENDING 68 O.S. 2427 [68-2427], 68 O.S. 2435 [68-2435] AND 68 O.S. 2455 [68-2455] (1971), OF THE AD VALOREM TAX CODE, FOR THE PURPOSE OF VITALIZING ARTICLE X, SECTION 8 OF THE OKLAHOMA CONSTITUTION, AS AMENDED BY STATE QUESTION NO. 486; PROVIDING LIMIT OF ASSESSMENTS OF PROPERTY FOR AD VALOREM TAXATION; PROVIDING FOR ASSESSMENT OF REAL PROPERTY BASED UPON FAIR CASH VALUE OF USE CLASSIFICATION; DEFINING TERM 'FAIR CASH VALUE' FOR PURPOSES OF ASSESSMENT OF 'PERSONAL' PROPERTY AND OF 'REAL' PROPERTY; AND DECLARING AN EMERGENCY." (Emphasis added) As can be seen from the title, three sections of the Oklahoma Statutes were amended in order to vitalize the constitutional amendment. With reference to 68 O.S. 2427 [68-2427] (1971), the pertinent provisions of that statute as later amended in 1975, by House Bill 1225, are cited below: "(b) All taxable real property shall be assessed annually as of the first day of January, at not to exceed thirty-five percent (35%) of its fair cash value, estimated at the price it would bring at a fair voluntary sale for: "(1) The highest and best use for which such property was actually used during the preceding calendar year; or "(2) The highest and best use for which such property was last classified for use if not actually used during the preceding calendar year. "(c) The transfer of real property without a change in its use classification shall not require a reassessment thereof based exclusively upon the sale value of such property. However, if the county assessor determines: "(1) That by reason of the transfer of a property there is a change in the actual use or classification of such property; or "(2) That by reason of the amount of the sales consideration it is obvious that the use classification prior to the transfer of such property is not commensurate with and would not justify the amount of the sales consideration of such property, then the assessor shall, in either event, reassess such property at not to exceed thirty-five percent (35%) of its fair cash value for: the new use classification for which such property is being used, or, the highest and best use classification for which such property may, by reason of such transfer, be classified for use. Provided that where any real property is zoned for a use by a proper zoning authority, and is not being used for any higher or better use classification, the purpose for which such property is zoned shall be considered the highest and best use classification of such property for determining its value for assessment purposes; provided, however, such zoning classification for assessment purposes shall only apply in the event that such rezoning occurs by reason of the application of the landowner or his agent. Provided further, that any reassessment required hereunder shall be effective January 1 following the change in use or classification and upon a transfer of ownership of such rezoned property. Taxable real property need not be listed annually with the county assessor. "When the term 'fair cash value' or the language 'fair cash value, estimated at the price it would bring at a fair voluntary sale' is used in the Ad Valorem Tax Code, in connection with and in relation to the assessment of real property it is defined to mean and shall be given the meaning ascribed and assigned to it in this subsection; when said term or language is used in said Code in connection with the assessment of personal property it shall be given its ordinary or literal meaning." The remaining amendments of Senate Bill 237 of the 1974 Session provide, in pertinent part, as to the amendment of 68 O.S. 2435 [68-2435] (1971), as follows: "(a) The return of the taxpayer shall not be conclusive as to the value or amount of any property. The county assessor shall have the authority and it shall be his duty to raise or lower the return value: ". . . "(2) Of any real property so that the assessment thereof shall be made in accordance with the provisions of 68 O.S. 2427 [68-2427] of this act." 68 O.S. 2455 [68-2455], as amended, reads in pertinent part, as follows: "The returns of railroad and public service corporations shall not be conclusive as to the value or amount of any property. The State Board of Equalization shall have the authority and it shall be its duty to raise or lower the returned value: ". . . "(2) Of any real property at not to exceed thirty-five percent (35%) of its fair cash value for the highest and best use for which such property is actually used or classified for use." As can be seen from the above legislative enactment, the Legislature has given guidelines and directions to the county assessors and the State Board of Equalization with reference to implementing the use of property for assessment purposes for ad valorem taxation. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Whether required or not, the Legislature has vitalized the provisions of Article X, Section 8, as amended in 1972 by the enactment of amendments to Title 68 2427, 68 O.S. 2435 [68-2435], and 68 O.S. 2455 [68-2455], (1974) and (1975). (JAMES H. GRAY) (ksg)